IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

```
CARLTON H. SCRANTON,            )     Cause No. CV 05-85-GF-CSO
                                )
          Plaintiff,            )
                                )
     vs.                        )     ORDER DIRECTING PLAINTIFF
                                )     re: SERVICE ON DEFENDANTS
JAMES MacDONALD; ALLISON        )
VARNUM; DR. RANTZ; MR. KERNS;   )
MS. POPIEL,                     )
                                )
          Defendants.           )
_____)
```

On September 6, 2005, Plaintiff Carlton Scranton filed this action under 42 U.S.C. § 1983. Scranton is a state prisoner proceeding pro se.

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. § 1915A(b). It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits. See 42 U.S.C. § 1997e(g).

At this early stage in the proceedings, the Court believes that Scranton states a claim against all Defendants sufficient to warrant service of the Complaint and discovery to determine each Defendant's role, if any, in the situation he describes. The Court concludes that dismissal is not appropriate at this time and Defendants must make an appearance.

ORDER DIRECTING PLAINTIFF re: SERVICE ON DEFENDANTS  / PAGE 1

Based on the foregoing, the Court enters the following:

**ORDER**

1. Along with the Complaint, Scranton must serve a copy of this Order.

2. Scranton may serve the Complaint **either** by asking Defendants' counsel to waive personal service of the summons and Complaint, **or** by asking the Clerk of Court to issue summonses directed to each of the Defendants and by obtaining service of process on each Defendant.  (The Court received Scranton's prepared summonses and notices/waivers, but Scranton must choose one method or the other to effect service.  No action will be taken on those documents.)  The waiver procedure is less expensive, but the Defendants will have sixty days from the date the waiver is served to file an Answer or appropriate motion. Defendants who are served personally are required to file an Answer or appropriate motion within twenty days of being served, but the costs of service, including copying, may be significant. The choice is Scranton's.

3. **If Scranton chooses the waiver process,** he shall complete and use the forms attached to this Order.  **Scranton must carefully read the forms and follow their directions**.  Two waiver forms and the notice form, along with one copy of the Complaint and this Order, must be sent to defense counsel, J. Daniel Hoven,

Browning, Kaleczyc, Berry & Hoven, P.C., P.O. Box 1697, Helena, MT 59624-1697.  Mr. Hoven's firm will likely represent Defendants MacDonald, Varnum, Kerns, and Popiel.  Two waiver forms and the notice form must be sent to Diana L. Koch, Montana Department of Corrections, P.O. Box 201301, Helena, MT 59620-1301.  Ms. Koch will likely represent Dr. Rantz.  Scranton must include properly stamped and addressed envelopes so that Hoven and Koch can execute and return a waiver form to him.  If Hoven or Koch do not represent one or more of the defendants, they shall so inform Scranton and the Court by filing a notice to that effect.

    4.  **If Scranton chooses personal service**, he must provide work or home addresses for each of the Defendants to the Clerk of Court.  The Clerk of Court will issue summonses and certified copies of the Complaint and return them to Scranton.  Scranton must then obtain the assistance of a competent person who is not a party to the action to serve each defendant personally with a copy of the summons directed to that person, the Complaint, and this Order.  The process server must be someone who is permitted to have in-person contact with the defendants.

    5.  On or before **February 28, 2006,** Scranton must either effect personal service or request a waiver of service.

    6.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion.  If a party wishes to give the Court information, such

information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    7.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be served by first-class mail upon counsel or, if a party is proceeding pro se, upon the party.  The Certificate of Service must state the date on which the document was deposited in the mail and the name of the person to whom the document was sent.  The sender must sign the certificate of service.

    8.  Plaintiff must immediately notify the Court of any change of address.  Failure to do so may result in dismissal of this case without further notice.

    DATED this 20th day of January, 2006.

                          **/S/ Carolyn S. Ostby**
                            Carolyn S. Ostby
                            United States Magistrate Judge