IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| CARLTON H. SCRANTON, | ) | Cause No. CV 05-85-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S THIRD |
| | ) | MOTION FOR APPOINTMENT OF COUNSEL |
| JAMES MacDONALD; ALLISON VARNUM; DR. RANTZ; MR. KERNS; MS. POPIEL, | ) | AND MOOTING DEFENDANTS' MOTION TO STRIKE |
| | ) | |
| Defendants. | ) | |

On May 16, 2006, the Court denied Plaintiff Scranton's motion for the appointment of counsel. On June 12, 2006, the Court denied Scranton's motion for reconsideration of his motion for appointment of counsel. On June 28, 2006, Scranton filed what is, in effect, his third motion for the appointment of counsel in six weeks. On June 29, 2006, Defendants moved to strike the motion.

As the Court pointed out on May 16, 2006, "[t]his Court <u>may not</u> appoint counsel without a showing of plaintiff's inability to pay. <u>See</u> 28 U.S.C. § 1915(e)(1)" (emphasis added). The statute has not changed. Scranton states that he is able to afford counsel but cannot find anyone who will agree to represent him. <u>See</u> Pl.'s Mot. (Court's doc. 19-1) at 1, ¶ 1. Persons who bring civil litigation and can afford to pay counsel have no right to the

ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT
OF COUNSEL AND MOOTING DEFENDANTS' MOTION TO STRIKE / PAGE 1

appointment of counsel, and the Court has no authority to order counsel to appear in such a case. Scranton's motion cannot be granted.

Scranton is advised that, as a pro se litigant, he is bound by the terms of Fed. R. Civ. P. 11. A copy of subsection (b) of that Rule is attached to this Order for his reference. Scranton is further advised that continuing to make motions that have been denied and that cannot be granted amounts to harassment. While the Court will not consider sanctions on this occasion, sanctions will be considered, on appropriate motion, if the problem persists.

Because Scranton's motion is denied, the Defendants' motion is moot.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Scranton's third motion for the appointment of counsel (Court's doc. 19) is DENIED.

2. Defendants' motion to strike (Court's doc. 21) is DENIED.

Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 7th day of July, 2006.

/S/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge

Fed. R. Civ. P. 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.